## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| MICHAEL HENDRICKS<br>and ARMOND MOORE,<br>　　　Plaintiffs,<br><br>　　　v.<br><br>RYAN BOHM, et al.,<br>　　　Defendants. | )<br>)<br>)<br>)<br>) Case No. 1:24-cv-1321-SEM-EIL<br>)<br>)<br>) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiffs *pro se* Michael Hendricks and Armond Moore have filed a Complaint (Doc. 1) under 42 U.S.C. § 1983 that is before the Court for screening.  Plaintiff Hendricks has also filed a Petition for Writ of Habeas Corpus (Doc. 9).

### I. COMPLAINT

#### A. Screening Standard

The Court must "screen" Plaintiffs' Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is

immune from such relief." *Id.*  In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Facts Alleged

At all times relevant to his Complaint, Plaintiffs were inmates at the Livingston County Jail ("Jail").

Plaintiffs' suit names as Defendants Livingston County Sheriff Ryan Bohm, Jail Superintendent Draper, Lieutenant Harmon, Dr. Lochard, John and Jane Doe Livingston County Board members, and John and Jane Doe owners of Advanced Correctional Healthcare.

In Plaintiffs' Complaint, Plaintiffs state that they both suffer from Type 2 Diabetes.  While at the Jail, Plaintiffs allege they have suffered from hypoglycemia overnight because they are prescribed large doses of insulin without eating for approximately 12 hours each day (5:00 p.m. to 5:00 a.m.).

Plaintiffs requested diabetic snacks, which were approved by Defendants on the Jail staff but were allegedly denied by the medical department because these snacks were not in the budget. Plaintiffs requested glucatabs, to be carried on their persons for hypoglycemia.  The glucatabs were allegedly approved by medical but then denied by Jail staff as prohibited items.

Plaintiffs claim that all Defendants knew that Plaintiffs needed, but did not have, either diabetic snacks or emergency gluctabs and that Defendants did not take any action in response to these medical needs.

### C. Analysis

Based on the Court's review, the facts alleged in the Complaint are sufficient to state a Fourteenth Amendment claim for unreasonable medical care against Defendants Bohm, Draper, Harmon, and Lochard.  *See McGee v. Parsano*, 55 F.4th 563, 569 (7th Cir. 2022), *citing Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) (Fourteenth Amendment's Due Process clause governs medical care claims of detainees in jail).

When evaluating whether a defendant's conduct is objectively unreasonable in the context of a medical needs case, courts may

look to four factors: (1) whether the official has notice of the detainee's medical need, either by word or through observation of the detainee's physical symptoms; (2) the seriousness of the medical need; (3) the scope of the requested treatment, which is balanced against the seriousness of the medical need; and (4) state interests, including administrative, penological, or investigatory concerns. *Florek v. Village of Mundelein*, 649 F.3d 594, 600 (7th Cir. 2011).

There is no vicarious liability under § 1983 solely based upon an employer or supervisory relationship. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 692 (1978); *Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017). Still, "[i]n the case of those responsible for setting policy, liability will result from the institution of a 'policy that, when enforced, causes a constitutional deprivation.'" *Childress v. Walker*, 787 F.3d 433, 440 (7th Cir. 2015), *quoting Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000)).

Plaintiffs have adequately alleged that each of the individual Defendants were aware of Plaintiffs' serious medical needs (diabetes, with a risk of hypoglycemia) but denied them necessary medical care, either in the form of diabetic snacks or glucotabs.

In addition, at this stage, when the Court must liberally construe the factual allegations in the Complaint in Plaintiffs' favor, the Court finds that Plaintiffs have plausibly alleged they were denied diabetic snacks and/or glucotabs due to budgetary and other policies of Livingston County and/or Advanced Correctional Healthcare.

Therefore, Plaintiffs may proceed with *Monell* claims against Livingston County and Advanced Correctional Healthcare.[1]  *See Powe v. City of Chicago,* 664 F.2d 639, 643 (7th Cir. 1981) (*Monell* claim against institutional defendants arise when a plaintiff alleges "(1) that he...suffered a deprivation of a constitutionally protected interest, and (2) that the deprivation was caused by an official policy, custom or usage" of the institutional defendant, acting under color of state law).

---

[1] Plaintiffs have listed John/Jane Doe members of the Livingston County Board and John/Jane Doe owners of Advanced Correctional Healthcare as Defendants.  However, the Clerk is directed to substitute Livingston County and Advanced Correctional Healthcare in place of these individual Doe Defendant members and owners.  *See Olson v. Champaign County*, 874 F.3d 1093, 1104 (7th Cir. 2015); *Belbachir v. County of McHenry*, 726 F.3d 975, 982 (7th Cir. 2013); *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021); *Iskander v. Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982).

## II. Petition for Writ of Habeas Corpus

Plaintiff Hendricks has also filed a Petition for Writ of Habeas Corpus, asking that this Court issue a writ of habeas corpus ad testificandum to the United States Marshals and Jail Superintendent Lisa Draper so that he may testify in person during a hearing in an unrelated case in Adams County, Illinois, Circuit Court.

This Court has no authority to order relief that is unrelated to the legal claims and injuries alleged in this case, nor does this Court have any jurisdiction over state court proceedings. In addition, Plaintiff Hendricks' request appears to be moot, as it related to a hearing that was scheduled for October 2024. For these reasons, Plaintiff's Petition is denied.

**IT IS THEREFORE ORDERED:**

1) **According to the Court's Merit Review of Plaintiffs' Complaint under 28 U.S.C. § 1915A, Plaintiffs have alleged enough facts to proceed with a Fourteenth Amendment claim of unreasonable medical care against Defendants Bohm, Draper, Harmon, and Lochard, and a *Monell* claim against Livingston County and Advanced Correctional Healthcare. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2)    **The Clerk is DIRECTED to substitute Livingston County in place of John and Jane Doe members of the Livingston County Board and to substitute Advanced Correctional Healthcare in place of John and Jane Doe owners of Advanced Correctional Healthcare.**

3)    **Plaintiff Hendricks' Petition for Writ of Habeas Corpus [9] is DENIED as MOOT.**

4)    **The Motion for Status [10] is DENIED as MOOT.**

5)    **This case is now in the process of service. The Court advises Plaintiffs to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiffs need not submit evidence to the Court unless otherwise directed by the Court.**

6)    **The Court will attempt service on Defendants by mailing waivers of service. Defendants have sixty days from service to file their Answers. If a Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiffs may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

7)    **Concerning a Defendant who no longer works at the address provided by Plaintiffs, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

8)    **Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses**

appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth a Defendant's positions. The Court does not rule on the merits of those positions unless and until a Defendant files a motion. Therefore, no response to an Answer is necessary or will be considered.

9) This District uses electronic filing, which means that, after Defendants' counsel have filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiffs do not need to mail copies of motions and other documents that Plaintiffs have filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiffs must mail their discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) Defendants' counsel is granted leave to depose Plaintiffs. Defendants' counsel shall arrange the time for the depositions.

11) Plaintiffs shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. A Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of his case with prejudice.

12) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and

**will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

13) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

14) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED May 5, 2025.

s/ *Sue E. Myerscough*

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE