IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

MICHAEL HENDRICKS AND ARMOND MOORE,

    Plaintiff,

vs.

RYAN BOHM, MS. DRAPER, MR. HARMON, DR. LOCHARD, LIVINGSTON COUNTY and ADVANCED CORRECTIONAL HEALTH CARE

    Defendants.

Case No. 24-cv-1321

## Defendants' Answer and Affirmative Defenses

Now comes Defendants, DR. HUGHES LOCHARD and ADVANCED CORRECTIONAL HEALTH CARE, by their attorneys, Quinn Johnston, and for their Answer to Plaintiff's Complaint and Affirmative Defense, states as follows:

### I. Jurisdiction and Venue

Defendants, DR. HUGHES LOCHARD and ADVANCED CORRECTIONAL HEALTH CARE admit that the Court has jurisdiction of the Complaint made by Plaintiff and that venue is proper.

### II. Defendants

Defendant, DR. HUGHES LOCHARD admits that he is a physician licensed in the State of Illinois and that he provided medical care to inmates at the Livingston County Jail during the time frame being alleged in Plaintiff's Complaint. Defendant denies that he was employed by local government. Advanced Correctional Healthcare admits that

it had a contract to provide certain medical services at the jail during the time frame alleged.

### III.  Claim

Defendants admit that Plaintiffs were incarcerated at the Livingston County Jail and that Defendants were involved in Plaintiff's care during the relevant time period. Defendants deny that Plaintiff has been denied care and deny that the care provided failed to meet the standard of care for their profession or Constitutional standards. Defendants deny that they violated Plaintiff's constitutional rights in any way.

Defendants deny that the Plaintiffs had a serious medical need.

Defendants deny that Advanced Correctional Healthcare had a budgetary or other policy to deny Plaintiffs snacks, glucotabs, or other medical care.

### IV.  Injuries

Defendants deny that Plaintiff suffered any injury as a result of their actions and deny that they were the proximate cause of any claimed injury.

### V. Exhaustion of Administrative Remedies

Defendants deny that Plaintiffs exhausted their administrative remedies.

WHEREFORE, the Defendants, DR. HUGHES LOCHARD and ADVANCED CORRECTIONAL HEALTH CARE, pray that this Court enter judgment in bar of Plaintiff's Complaint, that Defendants have their attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY.

## Affirmative Defenses

### I. Qualified Immunity or Good Faith Immunity

At the time and place alleged, the law was not clearly established such that the Individual Defendants were on notice that their conduct was unlawful. The Individual Defendants are therefore entitled to qualified immunity. The Individual Defendants acknowledge that the Seventh Circuit held in *Petties v. Carter*, 836 F.3d 722, 734 (7th Cir. 2016) that medical contractors are not entitled to assert qualified immunity, but include the defense as the Supreme Court has not definitively ruled on that issue. In the alternative, the Individual Defendants assert that they are entitled to good faith immunity as suggested by the Supreme Court in *Richardson v. McKnight*, 521 U.S. 399, 401, 413-14 (1997).

### II. PLRA - Exhaustion of Administrative Remedies

The Prison Litigation Reform Act requires that Plaintiffs who are in custody exhaust all administrative remedies and appeals before filing suit. On information and belief, Plaintiff has not filed grievances and exhausted all appeals regarding the claims asserted. To the extent that Plaintiff failed to exhaust his administrative remedies, the Defendants are entitled to judgment as a matter of law. 42 U.S.C. § 1997e(a).

### III. PLRA – Lack of Compensable Injury

The Prison Litigation Reform Act provides that a "prisoner confined in a jail, prison, or other correctional facility" may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury."

3

42 U.S.C. § 1997e(e) (2006). To the extent that Plaintiff did not suffer a physical injury, his claims are barred by the Act.

## IV.   Statute of Limitations

The applicable statute of limitations for Section 1983 claims is two years. To the extent that Plaintiff's claims arise from incidents or injuries which occurred more than two years prior to the filing of the Complaint, such claims are barred by the statute of limitations.

WHEREFORE, the Defendants, DR. HUGHES LOCHARD and ADVANCED CORRECTIONAL HEALTH CARE, pray that this Court enter judgment in bar of Plaintiff's Complaint, that Defendants have their attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY.

>                         DR. HUGHES LOCHARD and
>                         ADVANCED CORRECTIONAL
>                         HEALTH CARE, Defendants
>
> By:    *s/ Peter R. Jennetten*
>           QUINN JOHNSTON

Peter R. Jennetten (Illinois Bar No. 6237377)
Email:  pjennetten@quinnjohnston.com
Alicia K. VanRheeden (Illinois Bar No. 6341029)
Email: avanrheeden@quinnjohnston.com
QUINN JOHNSTON
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
(309) 674-1133 (phone)
(309) 674-6503 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2025, I electronically filed the foregoing Defendants' Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system.

And I hereby certify that on June 19, 2025, I mailed[1] a copy of this document by United States Postal Service to the following non-registered CM/ECF system participant:

*Pro Se Plaintiff*
Michael Hendricks - 26797
Livingston County Jail
844 W Lincoln St
Pontiac, IL 61764

*Pro Se Plaintiff*
Armond Moore
Livingston County Jail
844 W Lincoln St
Pontiac, IL 61764

*s/ Peter R. Jennetten*
Peter R. Jennetten (Illinois Bar No. 6237377)
Email:  pjennetten@quinnjohnston.com
Alicia K. VanRheeden (Illinois Bar No. 6341029)
Email: avanrheeden@quinnjohnston.com
QUINN JOHNSTON
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
(309) 674-1133 (phone)
(309) 674-6503 (fax)

4938-2609-6463, v. 2

---

[1] This document was taken to the U.S. Post Office in Peoria, Illinois on the above referenced date. However, due to USPS policies, processing times may vary.